**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**


WILLIE L. MURPHY


VERSUS                           CIVIL ACTION NO: 5:07cv201-DCB-JMR


SIMPSON DURA-VENT COMPANY, INC.
AND ACCOUNTABILITIES, INC., f/k/a
STAFFING.COM, INC.                                    DEFENDANTS


<u>**ORDER**</u>

This cause is before the Court on the motion of Willie Murphy (hereinafter "Murphy" or "plaintiff") for default judgment against defendant AccountAbilities, Inc. (AI) [docket entry no. 17] and on the motion of AI [docket entry no. 26] to set aside the clerk's entry of default.  Having carefully considered the motions, the responses thereto, all applicable law, and being otherwise fully advised in the premises, the Court orders as follows:

On October 25, 2007, Willie Murphy filed a complaint in this Court against Simpson Dura-Vent Company, Inc. and Staffing.com, Inc., wherein he alleges violations of the Age Discrimination in Employment Act (ADEA) and injury resulting from the defendants' negligent and or intentional infliction of emotional distress. Murphy filed an amended complaint on July 24, 2008, removing Staffing.com, Inc. as a defendant and replacing it with AccountAbilities, Inc.  The claims against the defendants remain

the same as in the original complaint.

AI was served with the summons and first amended complaint through its registered agent, CT Corporation, on or about August 5, 2008. (AI's Mot. to Set Aside Default at p. 1.) AI admits that it did not file any responsive pleading with the Court during the time required by the Federal Rules of Civil Procedure. (AI's Mot. to Set Aside Default at p. 1.) However, AI indicates that it mailed a responsive letter directly to Murphy's attorney denying the allegations of the complaint and asserting that AI was not a proper party in interest in the suit. (AI's Mot. to Set Aside Default at p. 1.)

On December 31, 2008, Murphy filed with the Clerk of Court for entry of default against AI. On the same day, Murphy filed a motion for default judgement against AI in this Court. The clerk entered a default against AI on January 5, 2009. Murphy's motion for default judgment and AI's motion to set aside the clerk's entry of default now are before the Court.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause . . .." FED. R. CIV. P. 55(c). The Fifth Circuit Court of Appeals has instructed district courts to use three factors to determine whether good cause exists to set aside a default: (1) "whether the default was willful"; (2) "whether setting it aside would prejudice the adversary"; and (3) "whether a meritorious defense is

presented". <u>Lacy v. Sitel Corp.</u>, 227 F.3d 290, 292 (5th Cir. 2000) (citing <u>In re Dierschke</u>, 975 F.2d 181, 183-84 (5th Cir. 1992)). Being mindful that default judgments are "'generally disfavored in the law'", the Court considers severally each of these factors. <u>Id</u>. (quoting <u>Mason & Hanger-Silas Mason Co. v. Metal Trades Council</u>, 726 F.2d 166, 168 (5th Cir. 1984)).

The first factor the Court examines is whether AI's default was willful. Although it is true that AI did not file a responsive pleading with the Court in the time required by the Federal Rules of Civil Procedure, the record does not support a conclusion that AI was ignoring the litigation. AI was served with process on August 5, 2008. The summons instructed AI to serve an answer on the plaintiff's attorney no later than August 25, 2008, or risk entry of default. On August 25, 2008, AI sent a letter to plaintiff's counsel denying the allegations of the complaint and indicating that it was not a proper party to the suit. This evidences AI's intent to defend itself against the allegations, even if AI failed to properly file an answer with the Court. As such, the Court finds that AI's default was not willful.

Second, the Court looks at whether setting aside the clerk's entry of default against AI will prejudice Murphy. In considering whether a plaintiff is at risk of prejudice, the Court is not to base its determination merely upon the existence of delay. <u>Lacy</u>, 227 F.3d at 293. "Rather, 'the plaintiff must show that the delay

will result in loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" Id. (quoting Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir. 1990)). "There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to the plaintiff except to require it to prove its case . . ..'" Id. (citations omitted).

This case is still in its early stages. No depositions have been conducted and only a small amount of written discovery has been exchanged. Indeed, the plaintiff has presented only one argument that he will be prejudiced if the Court sets aside the default. Specifically, the plaintiff argues that, assuming AI is not the proper defendant, he is left without recourse because the deadline for him to amend his complaint to name the proper defendant has passed. AI counters that this argument is without merit because Rule 15 of the Federal Rules of Civil Procedure provides a means by which Murphy can amend his complaint to add the proper defendant. Without more information, the Court is unable to determine whether Rule 15 would indeed permit Murphy to amend his complaint to add a new party. As such, even though it does not appear that the plaintiff will be prejudiced, in an abundance of caution, the Court considers this factor to be neutral.

Finally, the Court considers whether AI has presented a meritorious defense. A plaintiff bringing suit under the Age Discrimination in Employment Act (ADEA) must prove the following

elements: "(1) they are within the protected class; (2) they are qualified for the position; (3) they suffered an adverse employment decision; and (4) they were replaced with someone younger or treated less favorably than similarly situated younger employees." Smith v. City of Jackson, Miss., 351 F.3d 183, 196 (5th Cir. 2003) (citations omitted). Once the plaintiff makes a prima facie showing as to these elements, the burden shifts to the defendant "to articulate a legitimate, nondiscriminatory reason for the adverse employment action." Id.

AI has satisfied this factor by presenting a potentially meritorious defense. Specifically, AI has indicated to the Court that is prepared to defend itself by proving a legitimate, nondiscriminatory reason for terminating the plaintiff's employment. Should the plaintiff establish his prima facie case, AI will need to be prepared to prove its position with direct evidence. For now, however, it has presented enough to set aside the default. See Lacy, 227 F.3d at 290 (concluding that the defendant had presented a meritorious defense to an employment discrimination claim by providing the Court with a legitimate, nondiscriminatory justification for its employment action). Accordingly, the Court finds that this factor also weighs in favor of setting aside the default.

Since two of the three relevant factors support setting aside the clerk's entry of default against AI and the remaining factor is

neutral, the Court is satisfied that setting aside the default judgment is proper.  Therefore,

**IT IS HEREBY ORDERED** that AI's Motion to Set Aside Clerk's Entry of Default [docket entry no. 26] is **GRANTED.**

**IT IS FURTHER ORDERED** that Murphy's Motion for Default Judgment [docket entry no. 17] is **DENIED.**

**SO ORDERED**, this the 23rd day of February 2009.


_____s/ David Bramlette_____

**UNITED STATES DISTRICT JUDGE**